UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6560 c/w 14-810; 14-837** |
| **MICHAEL LOUIS SHWARTZ, ET AL** | **SECTION: "H"(4)** (Applies to All Cases) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11) and a Motion to Remand (Doc. 20). For the following reasons, the Motions are DENIED.

## BACKGROUND

This matter involves a protracted dispute over the ownership rights to certain intellectual property associated with the famous Camellia Grill restaurant in New Orleans. Prior to Hurricane Katrina, Michael Shwartz, through various companies, owned and operated the Camellia Grill restaurant. After the storm, Mr. Shwartz entered into a series of contracts with Hicham Khdor

1

wherein Mr. Khdor, through various companies, acquired the rights to operate Camellia Grill.[1]  Two of the contracts between Camellia and Uptown are relevant to this Order: the "Licensing Agreement" and the "Bill of Sale."  Generally, the Licensing Agreement permitted Uptown to use various intellectual property belonging to Camellia in exchange for certain periodic payments, and the Bill of Sale transferred ownership of certain property from Camellia to Uptown.  The two contracts were executed within a several week period in 2006.  The Licensing Agreement was later cancelled by a Louisiana state court because Uptown had breached its obligations under the contract.[2]

While the order cancelling the Licensing Agreement was on appeal, the City of New Orleans ("the City") notified Uptown that it was considering nominating the building which houses the Camellia Grill restaurant for historical landmark status.  When Camellia learned about the City's intentions, it filed a suit in this Court alleging that Uptown's continued use of Camellia's registered trademarks violated the Lanham Act[3], and seeking an injunction prohibiting Uptown from using the marks.[4]  Camellia also sought an injunction prohibiting the City from considering the historical

---

[1] For ease of reference throughout this order Mr. Shwartz and his companies will be referred to as "Camellia" and Mr. Khdor and his companies will be referred to as "Uptown." Mr. Shwartz's companies are: Camellia Grill Holdings, Inc. and Camellia Grill, Inc.  Mr. Khodr's companies are: Uptown Grill, LLC, Grill Holdings, LLC, Chartres Grill, LLC, Uptown Grill of Destin, LLC, Rano, LLC, K&L Investments, LLC, and Robert's Gumbo Shop, LLC.

[2] *The Grill Holdings, L.L.C. v. Camellia Grill Holdings, Inc.*, 120 So. 3d 294, 303 (La. App. 4 Cir. 2013).

[3] 15 U.S.C. § 1051 *et seq*.

[4] *Camellia Grill Holdings, Inc. v. New Orleans City*, No. 13-5148 (E.D. La. 2013).

2

landmark nomination. The Court denied Camellia's Motion for Preliminary Injunction[5] as to both requests. Camellia's responded with a Motion for Voluntary Dismissal, which the Court granted.[6]

After Camellia filed its Motion for Voluntary Dismissal in 13–5148, Uptown filed the instant matter seeking a declaratory judgment that it was the owner of the federally registered trademarks at issue in 13–5148 and that its continued use of the trademarks did not violate the Lanham Act. Camellia responded with the instant Motion to Dismiss for Lack of Jurisdiction.

While the Motion to Dismiss in this matter was pending, Camellia initiated suit against Uptown in state court through rather unconventional means. Rather than filing a new suit, Camellia filed a pleading in the now-closed state court action to cancel the Licensing Agreement styled "Second Amending and Supplemental Petition" ("Supplemental Petition"). The Supplemental Petition seeks damages for trademark infringement arising out of Uptown's use of the marks.[7] Uptown removed the action to this Court, invoking the Court's federal question and trademark jurisdiction.[8] The Court consolidated the declaratory judgment action and the removed state court suit into the instant action, and Camellia filed the instant Motion to Remand.

---

[5] *Id.*, 2013 WL 4431344 (E.D. La. Aug. 16, 2013).

[6] *Id.*, 2013 WL 6440505 (E.D. La. Dec. 9, 2013).

[7] At the time Camellia filed this pleading the judgment in the action had been final for over four months. *See* La. Code Civ. Proc. art. 2166(E) (providing that a judgment becomes final five days after the Louisiana Supreme Court denies an application for certiorari).

[8] 28 U.S.C § 1331, 1338.

**LAW AND ANALYSIS**

Camellia argues that this Court lacks jurisdiction over both the action for declaratory judgment and the removed action. The Court will address each action in turn.

**I. The Declaratory Judgment Action – Motion to Dismiss (Doc. 11)**

In this action, Uptown seeks a declaratory judgment pursuant to 22 U.S.C. § 2201. However, "[t]he declaratory judgment statute offers no independent ground for jurisdiction."[9] Instead, a litigant seeking a declaratory judgment must demonstrate that some other basis of jurisdiction is present.[10] Uptown claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (jurisdiction over trademarks). The Fifth Circuit has developed a two part test for district courts to apply when deciding whether to exercise subject matter jurisdiction over actions for declaratory judgment based on trademarks.[11] First, the Court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[12] If the Court finds the first prong satisfied, it must then determine whether the alleged infringer is actively engaged in conduct which could constitute infringement, or has taken concrete steps "with the intent to conduct such activity."[13]

---

[9] *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999).
[10] *Id*.
[11] *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).
[12] *Id*.
[13] *Id*.

The Court has no difficulty finding either part of the test satisfied in this case. As to the first prong, Uptown filed this suit in response to Camellia's attempt to voluntarily dismiss a then–pending suit for infringement under the Lanham Act. Additionally, after this suit was filed, Camellia attempted to assert the same trademark infringement claims against Uptown in state court. There can simply be no question that this case involves "a substantial controversy, between parties having adverse legal interests." Furthermore, Camellia's continued assertion of the same cause of action in multiple forums clearly demonstrates that this controversy is immediate and real.

The second prong of the test is also met in this case. Both parties claim ownership to the same trademarks. Uptown is actively using the trademarks despite Camellia's claim to ownership. Additionally, because Uptown claims to own the trademarks, it plans to continue using them for the foreseeable future. Accordingly, the Court finds the Fifth Circuit's test satisfied in this case.

However, Camellia argues that this action does not implicate the Lanham Act, or any other provision of federal law, because the Court can likely resolve this dispute through the application of state contract law. While it is true that Uptown claims ownership of the disputed trademarks by virtue of a contract, Camellia's argument ignores the history of litigation between the parties. Camellia filed suit in this Court against Uptown seeking damages under the Lanham Act. Mere days after Camellia voluntarily dismissed its suit, Uptown initiated this action seeking a declaration that it was not violating the Lanham Act. Thus, it is clear that Uptown's primary objective in this suit is to avoid Lanham Act liability. Therefore, the Court will be required to apply the Lanham Act to the

5

facts of this case. Because the outcome of this case will necessarily turn on the application of federal law, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338.

**II. The Removed Action – Motion to Remand (Doc. 20)**

Camellia argues that this Court lacks subject matter jurisdiction over the removed action. As the removing party, Uptown bears the burden of proving that removal was proper.[14] Uptown claims that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1338. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331."[15] "Under this rule, a claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution."[16] Uptown argues that Camellia's state court pleading asserts a claim under the Lanham Act. In order to state a claim under the Lanham Act "a party must first show that it has a protectable right in the mark and, second, show that there is a likelihood of confusion between the marks."[17] Camellia's state court pleading clearly alleges both elements. Moreover, it specifically claims to seek damages

---

[14] *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir.2014).

[15] *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014).

[16] *Id.*

[17] *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 (5th Cir. 2010).

for trademark infringement. Nonetheless, Camellia insists that its claims are governed by Louisiana Law, not by the Lanham Act.

Camellia correctly notes that federal courts do not have exclusive subject matter jurisdiction over trademark infringement suits.[18] Instead, plaintiffs are generally free to choose between bring bringing trademark infringement suits under state or federal law.[19] Camellia insists that it has elected to bring its trademark infringement claim under Louisiana state law. However, Camellia's argument has one fatal flaw: it cannot cite to this Court any provision of Louisiana law which permits Camellia to assert a trademark infringement claim. While Louisiana has a statute which permits recovery for trademark infringement,[20] the statute requires that the trademark at issue be registered pursuant to Louisiana law.[21] However, most of the trademarks at issue in this case are federally registered trademarks which are not also registered in Louisiana. Thus, because the majority of the trademarks at issue are not registered in Louisiana, Camellia cannot assert a state-law infringement action in Louisiana. Accordingly, Camellia's trademark infringement claims are necessarily governed by the Lanham Act, and removal was proper.

---

[18] *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, No. 02-1734, 2002 WL 31819167 (E.D. La. Dec. 13, 2002) (collecting cases).

[19] *Id*.

[20] La. Rev. Stat. 51:223.

[21] *Id* (permitting an action brought by "[a]ny owner of a mark registered under this Sub-part"). *See also* Law Rev. Stat. 51:222 (defining infringement as the use of a "mark registered under this Sub-part").

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss and the Motion to Remand are both DENIED.

New Orleans, LA this 20th day of August, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**