## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UPTOWN GRILL, LLC**                                     **CIVIL ACTION**

**VERSUS**                                                **NO. 13-6560 c/w 14-810**
                                                          **and 14-837-JTM-SS**

**MICHAEL LOUIS SHWARTZ, et al**                          *Applies to all cases*

## <u>ORDER</u>

DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 93)

### GRANTED IN PART AND DENIED IN PART

DEFENDANTS' MOTION FOR RECONSIDERATION (Rec. doc. 94)

### GRANTED IN PART AND DENIED IN PART

The defendants in CA 13-6560, Camellia Grill Holdings, Inc., Camellia Grill, Inc. and their principal, Michael Louis Shwartz, are collectively referred to as "Shwartz." Where necessary the Shwartz corporate entities are referred to as either "Camellia Grill Holdings (Shwartz)" or "Camellia Grill (Shwartz)." Camellia Grill Holdings (Shwartz) is the plaintiff in CA 14-810 and CA 14-837.

The Grill Holdings, LLC, Chartres Grill, LLC, Uptown Grill of Destin, LLC, Uptown Grill, LLC, RANO, LLC, K&L Investments, LLC, Robert's Gumbo Shop, LLC and their principal, Hicham Khodr, are collectively referred to as "Khodr." They are defendants in CA 14-810 and CA 14-837. Uptown Grill, LLC is the plaintiff in CA 13-6560. Where necessary a Khodr corporate entity will be referred to with "(Khodr)", for example "Uptown Grill (Khodr)."

A description of the litigation may be found in the undersigned's discovery order of November 6, 2014. Rec. doc. 74 at 1-3. Since then, Camellia Grill Holdings (Shwartz) appealed the November 6, 2014 discovery order. Rec. doc. 76. A status conference was set for February

12, 2015 before the District Judge to discuss the appeal.  Rec. doc. 92.  A ruling on the appeal

has not been issued.  On November 18, 2014, Khodr moved for a protective order.  Rec. doc. 77.

The motion was granted in part.  Rec. doc. 83.  A protective order controlling the use of

documents was entered on December 1, 2014.  Rec. doc. 88.  On November 26, 2014, Camellia

Grill Holdings (Shwartz) filed a second motion to compel. Rec. doc. 84.  It was granted in part.

Rec. doc. 91.  The discovery deadline is March 16, 2015.  The pretrial conference is set for April

30, 2015 and a jury.  The trial is set for June 8, 2015 before a jury.  Rec. doc. 60.

On January 31, 2015, Shwartz filed a motion for protective order and Camellia Grill

Holdings (Shwartz) filed a motion for reconsideration of the November 6, 2014 discovery order

(Rec. doc. 74).  Rec. docs. 93 and 94.  The motions were briefed.  Rec. docs. 95, 96 and 100.

MOTION FOR PROTECTIVE ORDER

Uptown Grill (Khodr) served a request for production seeking federal and state tax

returns for Shwartz for January 1, 2006 through June 2011.  Shwartz contends that the tax returns

are not relevant and will not lead to any admissible evidence.  Uptown Grill (Khodr) responds

that they are relevant to:  (1) the description of the sale of the Carrollton restaurant; (2) all items

listed in the Bill of Sale; (3) treatment of royalties; and (4) the analysis of the Shwartz damage

claim.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to

the claim or defense of any party.  Fed R. Civ. P. 26 (b)(1).  "[T]he determination whether such

information is discoverable because it is relevant to the claims or defenses depends on the

circumstances of the pending action."  Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note,

2000 amendments.  Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and

defenses involved in the action.  Id.  "Relevant information need not be admissible at the trial if

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Given the multiplicity and nature of claims asserted by the parties in these consolidated actions, the tax returns appear reasonably calculated to lead to the discovery of admissible evidence.  In the November 6, 2014 order (Rec. doc. 74), Khodr was order to produce federal tax returns.  He was not required to produce state tax returns.  Rec. doc. 74 at 4-5.  The request for production is limited to federal tax returns and the Shwartz parties are not required to produce state tax returns.

**The Shwartz parties shall produce, subject to the protective order, the federal tax returns for January 1, 2006 through June 2011 within seven (7) calendar days of the entry of this order**.  In the absence of an order from the District Judge, an appeal of this order shall not operate as a stay.

MOTION FOR RECONSIDERATION

Shwartz sought income and P&L statements for Grill Holdings (Khodr) or any of its subsidiaries, including accounting worksheets, general journal entries or any supporting documentation used in the preparation of the documents.  Rec. doc. 74 at 1.  Grill Holdings (Khodr) was ordered to produce the statements.  It was not required to produce the supporting documentation, including the general ledger.  Id. at 4.

Shwartz cites the deposition testimony of Hicham Khodr and his CPA, S. David Kushner, where they were unable to answer certain questions concerning information found on the statement.  For example, Mr. Kushner was unable to answer what a management fee represented without consulting the general ledger.  Rec doc. 94 (Memorandum at 3).  Shwartz contends that Khodr should be required to produce the supporting documentation for the statements.

3

Khodr argues that the information is not relevant and will not lead to the discovery of admissible evidence. Khodr's argument relies on the burden of proof for the parties under 15 U.S.C. § 1117(a) (the Lanham Act) ("In assessing profits the plaintiff (Shwartz) shall be required to prove defendant (Khodr)'s sales only, defendant (Khodr) must prove all elements of cost or deduction claimed. . ."). Rec. doc. 96 at 3-4 and note 1 at 3. Shwartz concedes that Khodr correctly analyzes the burden of proof, but contends that he requires the supporting documentation to prepare for trial.

Some of the supporting documentation is relevant to Shwartz's cross-examination of the Khodr at the trial regarding the costs or deductions claimed by Khodr. "Supporting documentation" is too broad. It includes all of Khodr's business records. **Within seven (7) calendar day of the entry of this order, Khodr shall produce the general ledger**. It shall be produced subject to the protective order. Rec. doc. 88. In the absence of an order from the District Judge, an appeal of this order shall not operate as a stay.

IT IS ORDERED that: (1) the motion of Camellia Grill Holdings, Inc., Camellia Grill, Inc. and Michael Louis Schwartz for protective order (Rec. doc. 93) is GRANTED in PART and DENIED in PART as provided herein; and (2) the motion of Camellia Grill Holdings, Inc., Camellia Grill, Inc. and Michael Louis Schwartz for reconsideration (Rec. doc. 94) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 23rd day of February, 2015.

**SALLY SHUSHAN**
**U.S. Magistrate Judge**