# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6560 c/w 14-810** |
| | **and 14-837-JTM-SS** |
| **MICHAEL LOUIS SHWARTZ, et al** | *Applies to all cases* |

## ORDER

KHODR PARTIES' MOTION TO COMPEL DEPOSITION (Rec. doc. 109)

**DENIED**

The Khodr Parties[1] moved for an order to compel deposition testimony of Mark Stein. The motion is opposed by the Shwartz Parties.[2]

Mark Stein represented Michael Shwartz in connection with the sale of immovable property at 626 South Carrollton Avenue. Mr. Stein also drafted a license agreement. On September 17, 2014, the Shwartz Parties listed Mr. Stein as a witness to testify as to negotiations which led to the execution of the sale of the immovable property, the Bill of Sale and the License Agreement. Rec. doc. 109 (Exhibit 1). Mr. Stein was deposed on January 22, 2015. At his deposition counsel for the Shwartz Parties, Mr. Silverstein, instructed Mr. Stein to refrain from answering questions concerning his discussions with Michael Shwartz and Mr. Silverstein. Mr. Silverstein also questioned Mr. Stein at the deposition.

The Khodr Parties contend that the Shwartz Parties placed the Stein/Shwartz communications and the Stein/Silverstein communications at issue and the attorney-client

---

[1] The Grill Holdings, LLC, Chartres Grill, LLC, Uptown Grill of Destin, LLC, Uptown Grill, LLC, RANO, LLC, K&L Investments, LLC, Robert's Gumbo Shop, LLC and their principal, Hicham Khodr, are collectively referred to as the Khodr Parties.

[2] Michael Louis Shwartz, Camelia Grill Holdings, Inc. and Camellia Grill, Inc. are collectively referred to as the Shwartz Parties.

privilege was waived as to those communications.  The Khodr Parties rely on <u>Conkling v. Turner</u>, 883 F.2d 431 (5th Cir. 1989), and <u>Gibbens v. Quality Rental Tools, Inc</u>., 2014 WL 5432113 (E.D. La.) (Knowles, M.J.).  The Shwartz Parties respond that Mr. Stein was listed to testify as to the negotiations between the parties which led to the execution of the contracts.  He was not listed to testify as to the advice rendered to the parties.

In <u>Gibbens</u>, Magistrate Judge Knowles cited <u>Smith v. Kavanaugh, Pierson & Talley</u>, 513 So.2d 1138, 1145 (La. 1987) as ratifying the concept of the "at issue" wavier.

> In *Smith,* the Louisiana Supreme Court ratified the concept of at issue waiver because of the unfairness that would arise from permitting a client to insist on the privilege when he intends to use privileged information at trial.  However, then Justice, now United States Circuit Judge, James Dennis, writing for the Court, rejected an overly-broad formulation of at issue waiver, adopted by some courts, that premises waiver on the relevance of the privileged information to the privilege holder's opponent and on the opponent's vital need for the material.  Waiver occurs only when the privilege holder will be forced inevitably to draw upon a privileged communication at trial in order to prevail.

<u>Id</u>. at *5 (Citations and quotation marks omitted).

Based on the record before the Court, the Shwartz Parties have not placed Michael Shwartz in the position where he will be forced inevitably to draw upon a privileged communication with Mr. Stein at trial in order to prevail.  The motion to compel a further deposition of Mr. Stein will be denied.  Just as Judge Knowles recognized in <u>Gibbens</u>, this may change prior to or during the trial.

IT IS ORDERED that the motion of the Kohdr Parties to compel a further deposition of Mark Stein (Rec. doc. 109) is DENIED.

New Orleans, Louisiana, this 11th day of March, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**