UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6560 c/w**<br>**14-810; 14-837** |
| **MICHAEL LOUIS SHWARTZ, ET AL** | **SECTION: "H"(4)**<br>**(Applies to 14-810, 14-837)** |

## ORDER AND REASONS

Before the Court is a Motion to Appeal (Doc. 76) the Magistrate Judge's decision denying a Motion for Leave to File Amended Petition (Doc. 65). For the following reasons, the Motion to Appeal is GRANTED and the Court will grant the Motion for Leave to File Amended Petition.

## BACKGROUND

This matter involves a protracted dispute over the ownership rights to certain intellectual property associated with the famous Camellia Grill restaurant in New Orleans. The facts underlying this dispute have been

1

detailed in the Court's prior orders and will only be repeated here as necessary. In the various suits, two groups of individuals and business entities each claim to own the intellectual property associated with the Camellia Grill. In the lead case, Hicham Khodr and several of his companies (the Khodr parties)[1] seek a judgment declaring that they own the intellectual property at issue. In the consolidated cases, Michael Shwartz and several of his companies (the Shwartz parties)[1] seek an injunction preventing Mr. Khodr from continuing to operate the Camellia Grill and damages for trademark infringement.

The lead case was initially filed in this Court. The consolidated cases, however, began their litigation journey in Louisiana state court. There, the Shwartz parties amended a complaint in a previously closed lawsuit seeking the relief outlined above. The Khodr parties removed the cases to this Court, arguing that the Shwartz parties' claims were necessarily governed by the Lanham Act, thus invoking this Court's federal question jurisdiction. The Shwartz parties disagreed, insisting that their claims arose exclusively under state law. This Court eventually agreed with the Khodr parties and denied the Shwartz parties' motion to remand.

Several weeks later, the Shwartz parties filed the instant Motion for Leave to Amend their petition in the consolidated cases. In light of the Court's ruling

---

[1] For ease of reference throughout this order, Mr. Shwartz and his companies will be referred to as "the Shwartz parties" and Mr. Khodr and his companies will be referred to as "the Khodr parties." Mr. Shwartz's companies are: Camellia Grill Holdings, Inc. and Camellia Grill, Inc. Mr. Khodr's companies are: Uptown Grill, LLC, Grill Holdings, LLC, Chartres Grill, LLC, Uptown Grill of Destin, LLC, Rano, LLC, K&L Investments, LLC, and Robert's Gumbo Shop, LLC.

that their claims were necessarily governed by the Lanham Act, the Shwartz parties sought to assert all of the remedies available under federal law, including treble damages. The Khodr parties opposed, arguing that the Shwartz parties had failed to show good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16. After the Magistrate Judge denied the Motion, the Shwartz parties appealed.

## LAW AND ANALYSIS

The Khodr parties correctly argue that Rule 16 governs this dispute. Ordinarily, Rule 15 governs motions for leave to amend a complaint. Once the Court issues a scheduling order, however, Rule 16 governs.[2] Rule 16 provides that a scheduling order may be modified only for good cause and with the Court's consent. When deciding whether a party has shown good cause, courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[3] Ultimately, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order."[4]

Under the peculiar facts of this case, particularly in light of equity considerations not before the Magistrate Judge, the Court finds that good cause

---

[2] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[3] *Id.*

[4] *Id.*

exists to modify the scheduling order. The Court issued the scheduling order on September 16, 2014. At that time, the Court indicated that the time to amend pleadings had expired. The Court did not, however, inquire as to whether the parties intended to file any amendments in light of the Court's recent order denying the Motion to Remand. Under the Court's normal practice, if a party had indicated a desire to amend pleadings, the deadline to amend pleadings would have been 30 days after the scheduling conference. In this case, the deadline to amend would have been set on October 16, six days *after* the Shwartz parties sought leave to amend. The Court considers the four factors with those facts in mind.

As to the first factor, the Shwartz parties have offered an explanation for the timing of their amendment. As the Shwartz parties candidly admit, their pleadings were crafted in an effort to avoid invoking federal jurisdiction. Once the Court held this strategic effort unsuccessful, they attempted to amend their pleadings in order to assert all of the relief available under federal law. The Court did not definitively declare that federal law applied until August 20, mere weeks before the attempted amendment. Accordingly, this factor weighs in favor of allowing the amendment.

As to the second factor, there can be no dispute that the amendment is important to the Shwartz parties' claims in this matter. Through the amendment, they seek the full array of remedies available under the Lanham Act, including treble damages. Thus, the second factor weighs in favor of allowing the amendment.

4

With regard to the final two factors, there is no question that the amendment will prejudice the Khodr parties to some extent. The Court finds however, that this prejudice is outweighed by the first two factors. Furthermore, the Court would certainly entertain a request for a continuance in an effort to minimize this prejudice.[5] Because the factors, when considered together and in light of the peculiar facts of this case, weigh in favor of allowing the amendment, the Court will grant the Shwartz parties leave to amend.

## CONCLUSION

For the foregoing reasons, the Motion for Appeal of Magistrate Judge Decision is GRANTED and the Motion for Leave to File Amended Petition is GRANTED.

New Orleans, Louisiana, this 19th day of March, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court does not, however, believe that this Order will or should open the floodgates to substantial additional discovery. The parties have been embroiled in this dispute for years, and, in the Court's view, should be prepared for trial in short order.