UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UPTOWN GRILL, LLC, ET AL.        *   CIVIL ACTION NO. 13-6560

VERSUS                     *   SECTION H "1"

MICHAEL LEWIS SHWARTZ ET AL.   *   JUDGE JANE TRICHE MILAZZO

                                 *   MAGISTRATE JUDGE
                                   JANIS VAN MEERVELD

****************************************   *

ORDER AND REASONS

Before the Court is the Motion to Quash filed by Uptown Grill, L.L.C. ("Uptown Grill"), The Grill Holdings, L.L.C. ("Grill Holdings"), Chartres Grill, L.L.C., Uptown Grill of Destin, L.L.C., Rano, L.L.C., K&L Investments, L.L.C., Robert's Gumbo Shop, L.L.C., and Hicham Khodr (collectively "Khodr Parties") (Rec. Doc. 233). For the following reasons, the Motion is DENIED. Oral argument scheduled on October 19, 2016, is cancelled.

Background

The lead case in these consolidated cases was filed on December 3, 2013, by Uptown Grill against Michael Louis Shwartz, Camellia Grill Holdings, Inc. ("CGH") and Camellia Grill, Inc. (collectively, "Shwartz Parties") seeking a declaratory judgment that Uptown Grill as purchaser of certain personal property pursuant to an August 2006 Bill of Sale, was the owner of the logo "The Camellia Grill" wherever used within or upon the building located at 626 South Carrollton Avenue in New Orleans, Louisiana (Rec. Doc. 1).  Mr. Shwartz is the direct or indirect owner of both CGH and Camellia Grill, Inc. See Order and Reasons, ECF No. 204, at 2. A dispute between the parties had started much earlier in state court litigation that was removed to the Eastern District of Louisiana and consolidated with the lead case in 2014. See id. at 4. The

1

state court litigation concerned a License Agreement between CGH as owner of the trademark "Camellia Grill" and Grill Holdings as licensee for the use of the "Camellia Grill" trademarks. Id. Both Grill Holdings and Uptown Grill are owned directly or indirectly by Hicham Khodr. See Second Amending and Supp. Pet. of Camellia Grill Holdings, Inc., E.D. La. Civ. Action 14-837, ECF No. 1-2, at 4-5. As a result of the state court litigation, the License Agreement was terminated as of June 1, 2011, and Grill Holdings ceased using the "Camellia Grill" trademarks except for at the 626 South Carrollton location and paid the attorney's fee award. Uptown Grill, L.L.C. v. Shwartz, 817 F.3d 251, 255 (5th Cir. 2016).

On summary judgment, the District Court ruled on July 10, 2015, that pursuant to the Bill of Sale, Uptown Grill was the rightful owner of all of the "Camellia Grill" trademarks (not just as used at the 626 South Carrollton location). Order and Reasons, ECF No. 205, at 20-21. The Shwartz parties appealed the ruling. On August 7, 2015, the parties entered a Joint Stipulation into the record agreeing to stay the effects of the District Court's judgments pending the appeal, "except to specifically allow all Camellia Grill operations at 626 S. Carrollton Avenue in New Orleans to remain in place and to allow Chartres Grill, LLC to operate its restaurant on Chartres Street, as 'Camellia Grill.'" Joint Stipulation as to Stay Pending Appeal, ECF No. 218.

On March 23, 2016, the United States Fifth Circuit Court of Appeals affirmed the District Court as to the "Camellia Grill" marks "within or upon" the 626 South Carrollton location. Uptown Grill, 817 F.3d at 258. But as to all other uses of the Camellia Grill trademarks, the Fifth Circuit held that the District Court's *sua sponte* holding went beyond the relief requested by Uptown Grill without providing sufficient adversarial testing. Id. at 259-60. The Fifth Circuit observed that (1) Uptown Grill had consistently taken the position in its pleadings that it owned the Camellia Grill trademarks at the 626 South Carrollton location, not "all" uses of the Camellia

Grill trademarks and (2) Uptown Grill as an affiliate of the licensee under the License

Agreement had, in practice, respected the state court ruling terminating the License Agreement.

Id. Accordingly, the Fifth Circuit reversed and remanded to the District Court for a determination

of whether Uptown Grill "should be bound by its pleadings, representations in court, and practice

with respect to a License Agreement for which its affiliate, Grill Holdings, paid a million

dollars." Id. at 260.

The consolidated cases are now before the District Court on remand.

Discovery Issue

The Schwartz Parties requested that the Khodr Parties supplement their previous

responses to the Shwartz Parties' Requests for Production of Documents and produce "updated

financials for Chartres Grill, LLC" dating from March 2015 through the present pursuant to the

Khodr Parties' continuing duty to supplement their discovery responses. Khodr Parties' Memo.

in Support, ECF No. 233-1, at 2. The Khodr parties refused to respond and filed a Motion to

Quash.  They submit that the only issue on remand is ownership of the Camellia Grill trademarks

as to geographic areas other than 626 S. Carrollton. Id. And they argue that the Shwartz Parties

must first prove they own the Camellia Grill trademarks outside of the 626 S. Carrollton

location, they must then prove they are entitled to damages, and only thereafter would updated

financial information be relevant. Id. They insist that the Shwartz Parties' request is cumulative

and burdensome and not relevant to the issue of ownership. Id. at 3. They point out that they

have already produced the requested financial statements through mid-2015. Id. at 2.

The Shwartz Parties first point out that the Khodr Parties failed to include a Rule 26(c)

certificate that the movant had conferred in good faith to attempt to resolve the discovery issue.

Memo. in Opp., ECF No. 240, at 3. This defect was remedied with the supplemental filing of the

Khodr Parties, which attached email correspondence reflecting the parties' discussion of the issue. Reply Memorandum, ECF No. 244, at 3-4.

Next the Shwartz Parties argue that the issue had already been decided in an earlier discovery ruling in this matter. They point out that in a November 6, 2014 Order, Magistrate Judge Shushan found that the request for financial statements was "relevant to the claims alleged" and ordered that the Khodr parties produce financial statements and federal tax returns. Id. at 4-5. They also argue that the trial in this matter has not been bifurcated and if Camellia Grill Holdings "is successful in proving ownership at trial it will be expected to prove its claim for damages at that time." Id. at 5. Finally, the Shwartz Parties request that this Court impose sanctions on the Khodr Parties because, they submit, the motion was filed to obstruct and is not well founded.

In reply, the Khodr Parties point out that the Shwartz Parties agreed to a Joint Stipulation pending the appeal that allowed the Khodr parties to operate the Chartres Street restaurant under the name Camellia Grill. Reply Memorandum, ECF No. 244, at 1. The Khodr Parties insist that this means they cannot be liable for damages for the period from August 7, 2015 through March 23, 2016 when the Fifth Circuit issued its ruling. Id. at 2. Thus, they argue, financial statements from that period are not relevant to the Shwartz Parties' claims. Id. Again they submit that review of financial records is premature. Id. at 4. They state simply that the requested discovery is not proportional. Id. They also insist that the Shwartz Parties are not entitled to Rule 11 sanctions because counsel had a good faith belief that in light of the Joint Stipulation, and the rulings of the District Court and Fifth Circuit that the requested discovery was premature. Id.

<u>Law and Analysis</u>

1. *Standard of Review*

Although styled as a motion to quash, the Khodr Parties cite the Court's authority to limit discovery and issue protective orders pursuant to Federal Rule of Civil Procedure 26. The Rules provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u>

This Court construes relevance broadly, but it remains anchored by the parties' pleadings. <u>See</u> Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment (explaining that in analyzing relevance, the parties should "focus on the actual claims and defenses involved in the action," but that "a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action"); <u>see also</u> <u>XTO Energy, Inc. v. ATD, LLC</u>, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *17 (D.N.M. Apr. 1, 2016) (quoting <u>State Farm Mut. Auto. Ins. Co. v. Fayda</u>, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), <u>aff'd</u>, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016))  (concluding that following the 2015 amendments to the Rules, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'"). Thus, "[t]o implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." <u>Thibault v. BellSouth Telecommunications, Inc.</u>, No. CIV.A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008) (M.J. Wilkinson).

In addition to being relevant, discovery must be proportional. In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1).  As the comments to the 2015 amendments explain, the court must "consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Id. advisory committee's 2015 Amendment notes.

Rule 26(c) provides that the Court "may, for good cause," protect a party from "undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D).

2. *Analysis*

The Shwartz Parties claim that they own the Camellia Grill trademarks and that any use of the trademarks by the Khodr Parties after the June 1, 2011 termination of the License Agreement is an infringement that entitles them to damages. Because the Fifth Circuit reversed the District Court's holding that the trademarks in all geographic areas were owned by the Khodr Parties, the Shwartz Parties' infringement claims are also revived on remand. In other words, if the District Court finds that the trademarks were not transferred to the Khodr Parties by the Bill of Sale in light of the factors mentioned by the Fifth Circuit, then the Shwartz Parties may be able to show that the Khodr Parties' use of the trademarks outside of the South Carrollton location amounts to infringement.  As the Shwartz Parties point out, the matter is not bifurcated. Thus, at trial, the District Court will determine whether the Shwartz Parties own the Camellia Grill trademarks. The District Court will also determine whether the Shwartz Parties are entitled to damages, and if they are, what damages they are entitled to. The Shwartz parties maintain that

the financial statements of Chartres Grill are relevant to determining the quantum of damages because they would reflect the profits retained by the Khodr Parties through their use of the trademarks. The Khodr Parties do not dispute that the financial statements are relevant to determining the quantum of damages, but merely argue that determining the quantum of damages is premature. Because the trial is not bifurcated and all issues will be addressed at one time, there is no reason to delay production of documents relevant to the Shwartz Parties' alleged damages.

In reply, the Khodr Parties raise, for the first time, the argument that the joint stipulation the parties entered into on August 7, 2015, precludes any liability arising out of the Khodr Parties' use of the trademarks at the Chartres Street location for the period between August 7, 2016, and March 23, 2016, when the Fifth Circuit ruled. Even if this was true, financial statements for the period between March 23, 2016, and the present would be relevant, as well as financial statements for the period between July 10, 2015 and August 7, 2015. However, the Khodr Parties cite no legal basis for the contention that the Shwartz Parties' agreement to the joint stipulation amounts to a waiver of their right to damages for this seven month period if they are able to prove their case at trial. Indeed, the joint stipulation appears to be a compromise on whether the rulings of the District Court would be stayed pending appeal. If a matter is not stayed pending appeal and is ultimately reversed by the court of appeals, the appellant is not prevented from seeking damages for the period between the rulings of the district court and court of appeals. Moreover, any ruling that the Shwartz Parties waived their right to damages would need to be addressed by the District Court. At this time, the Court finds no basis to carve out from the scope of discovery information relevant to damages for the Shwartz Parties' infringement claim between August 7, 2015, and March 23, 2016.

The financial statements sought by the Shwartz Parties are clearly relevant to their claim for damages arising out of the alleged infringement by the Khodr Parties. Beyond the bare assertion that production of the financial statements are not proportional, the Khodr Parties fail to articulate any specific reason why producing the financial statements would be costly or burdensome. Accordingly, the Shwartz Parties are entitled to the financial statements they have requested.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Quash is DENIED. The Khodr Parties shall supplement their response to the Shwartz Parties' request for financial statements of Chartres Grill, L.L.C. within ten days. Further, the Court declines to award sanctions.  Oral argument scheduled on October 19, 2016, is cancelled.

New Orleans, Louisiana, this 17th day of October, 2016.

Janis van Meerveld
United States Magistrate Judge