# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6560**<br>**c/w 14-810; 14-837** |
| **MICHAEL LOUIS SHWARTZ, ET AL** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Camellia Grill Holdings, Inc. ("CGH") (Doc. 336). For the following reasons, the Motion is DENIED. The Court also considers an issue raised in CGH's Motion for Certificate of Appealability (Doc. 332).

## BACKGROUND

The long and complicated factual and procedural background to this case has been outlined in this Court's previous decisions and need not be recounted here.[1] The following facts are pertinent to the issues now before the Court.

---

[1] *See* Doc. 294.

On February 8, 2018, this Court issued an Order and Reasons granting in part a motion for summary judgment filed by CGH.[2] CGH sought, *inter alia*, a judgment finding that the Khodr parties breached the License Agreement by operating the restaurant at Chartres Street using covered marks during three time periods. The Court held that any use of the covered marks during the three time periods did constitute a breach of the License Agreement. The Court further issued summary judgment finding that the Khodr parties used covered marks during the first time period, from June 1, 2011 to November 1, 2013. The Court partially grounded its finding in Local Rule 56.2, which provides that all facts in a party's statement of material facts not specifically opposed by the other party are deemed admitted. The Court denied summary judgment as to the exact dates of any breach during the remaining two time periods for lack of evidence, leaving that issue for trial. CGH now moves the Court to reconsider its holding with respect to the second and third time periods, arguing that the Court should have also applied Local Rule 56.2 to those time periods and issued summary judgment that the Khodr parties used the marks during their entire duration. The Court denies this Motion before receiving a response from the Khodr parties.

In its February 8, 2018 Order and Reasons the Court also held that CGH was not entitled to an award for damages under Louisiana Revised Statutes § 51:222 because the statute applied only to marks registered with Louisiana and the marks covered by the License Agreement were registered with the federal government.[3] CGH sought leave for an interlocutory appeal of this holding, pointing to evidence that at least some of the covered marks were

---

[2] Doc. 331.
[3] Doc. 331 at 17 n.65.

registered with Louisiana.[4] The Court previously denied CGH a certificate of appealability and now revisits the issue of whether CGH is entitled to an award of damages under § 51:222.[5]

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[6] "[T]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders."[7]

## LAW AND ANALYSIS

### I.   CGH's Motion for Reconsideration

In granting CGH's motion for summary judgment with respect to the Khodr parties' breach during the first time period, this Court reasoned thusly:

> As evidence of Khodr parties' use of covered marks during this time period, CGH states in its Statement of Uncontested Facts that the

---

[4] Doc. 332-1 at 7–8.
[5] *See* Doc. 342.
[6] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[7] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. App'x 829, 831–32 (4th Cir. 2011).

3

signage at the Chartres location continued to say "Camellia Grill" until after November 1, 2013 and cites to an affidavit of Norman Lowe who personally observed that fact. In their Statement of Material Facts submitted along with their opposition to CGH's Motion for Summary Judgment, the Khodr parties dispute that the affidavit is competent evidence, but do not dispute the underlying fact that the Chartres location was labelled as a Camellia Grill during this time period. Pursuant to Local Rule 56.2, which states that, "[a]ll material facts in the moving party's statement will be deemed admitted . . . unless controverted in the opponent's statement," the Court finds that there is no dispute of material fact that Chartres Grill, LLC violated the License Agreement between June 1, 2011 and November 1, 2013.[8]

The Court denied a similar finding with respect to the second and third time periods, but observed that the Khodr parties did not dispute CGH's Statement of Uncontested Facts with respect to those periods either. CGH argues that, under Local Rule 56.2, it was therefore entitled to summary judgment that the Khodr parties breached the License Agreement during the entirety of the second and third periods.

The Court also noted that the evidence cited by CGH did not establish that the License Agreement was violated during the entire second and third time periods, and so CGH implicitly argues that the application of Local Rule 56.2 relieves it of its evidentiary burden under Federal Rule of Civil Procedure 56. Even assuming that CGH's interpretation is correct, however, CGH's own Statement of Uncontested Facts does not entitle it to summary judgment. With respect to the second time period, CGH's Statement asserts that the Khodr parties began using covered marks "at *some time* between August 7, 2015 . . . and December 24, 2015."[9] With respect to the third, it asserts that the Khodr parties used covered marks, "following the rendition" of the Fifth Circuit's

---

[8] Doc. 331 at 14 (citations omitted).
[9] Doc. 305-1 at 2 (emphasis added).

4

decision.[10] The phrases "at some time" and "following" do not state specific start dates for the violations. Therefore, even if the Court were to consider all facts in CGH's Statement of Uncontested Facts admitted, the particular dates that the Khodr parties breached the License Agreement during the second and third time periods would still be an issue for trial. Accordingly, CGH's Motion for Reconsideration is DENIED.

## II.   CGH's Claim for Damages Under § 51:222

CGH asserted a claim for damages under Louisiana state trademark law, specifically Louisiana Revised Statutes § 51:222. In its May 26, 2017 Order and Reasons, this Court held that CGH had no claim for damages under § 51:222 because that statute required a showing that the mark was used with the intent to cause confusion.[11] CGH later argued that this holding was erroneous because the cited language applied only to beverage and food containers. In response, this Court added that CGH had no claim under § 51:222 because the statute applied only to trademarks registered with the state of Louisiana, not the federal government.[12] CGH moved for a certificate of appealability on the issue of whether CGH was entitled to damages under § 51:222, citing evidence that at least one of the marks covered by the License Agreement was registered with Louisiana and contesting the Court's application of the intent requirement.[13] The motion was denied, but the Court writes now to clarify the issue.

This Court specifically addressed the applicability of § 51:222 only, in an abundance of caution, as an alternative reason why CGH may not maintain a

---

[10] Doc. 305-1 at 2 (emphasis added).
[11] Doc. 294 at 26.
[12] Doc. 331 at 17 n.65.
[13] Doc. 332-1 at 7–8.

claim under state trademark law.[14] The Court's primary holding is that CGH has no action under any trademark law, including § 51:222, because it sold all trademarks to Uptown Grill in the Bill of Sale.[15] That holding has been upheld by the Fifth Circuit. While this Court cited to cases involving federal trademark law, the Court's holding was quite clear: "The Court finds no basis to rule that the Shwartz parties have any remaining protectable interest under trademark law, and therefore denies their request to find that they are the owner of the Camellia Grill trademarks beyond Carrollton Avenue."[16] This applies to state trademark law as well.[17] The Court acknowledges its error in holding that § 51:222 does not apply because no covered marks were registered in Louisiana, but that holding has no impact on the ultimate viability of CGH's claim under the statute.

## CONCLUSION

For the foregoing reasons, CGH's Motion for Reconsideration is DENIED.

New Orleans, Louisiana this 7th day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *See* Doc. 194 at 24.
[15] *See* Doc. 294 at 9–10.
[16] Doc. 294 at 10–11.
[17] *See* Louisiana Granite Yard, Inc. v. LA Granite Countertops, L.L.C., 47 So. 3d 573, 579–80 (La. App. 2 Cir. 2010) (reciting that Louisiana trademark law, like federal law, is dependent on use rather than registration).