UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6560**<br>**c/w 14-810; 14-837** |
| **MICHAEL LOUIS SHWARTZ, ET AL** | **SECTION: "H"(4)** |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The long and complicated factual and procedural background to this case has been outlined in this Court's previous decisions and need not be recounted here.[1] The Court previously denied all of the Schwartz parties' claims except those for breach of contract arising from the post-termination provisions of the License Agreement. The Court also determined that the measure of damages for such a breach would be the losses sustained by the Schwartz parties and the profit of which they were deprived, not the disgorgement of the Khodr parties' profits.[2] The Court found that the Khodr parties breached the License

---

[1] *See* Docs. 294, 331.
[2] *See* Doc. 331.

1

Agreement by using covered marks at the Chartres Street location from June 1, 2011 to November 1, 2013.[3]

At a bench trial held on March 28, 2018, the parties presented evidence regarding the time periods in which the Khodr parties allegedly breached the License Agreement and any damages that the Schwartz parties sustained. Having considered the evidence admitted at trial and the arguments of counsel, this Court makes the following findings of fact and conclusions of law. To the extent a finding of fact constitutes a conclusion of law, and vice versa, the Court adopts it as such.

## **FINDINGS OF FACT**

1. At its restaurant on Chartres Street, Chartres Grill, LLC used Camelia Grill registered trademarks from August 15, 2015 to December 19, 2016.

## **CONCLUSIONS OF LAW**

2. Louisiana law applies to this action.
3. Chartres Grill, LLC breached sections 12.1 and 12.2 of the License Agreement by using Camelia Grill registered trademarks covered by the License Agreement from August 15, 2015 to December 19, 2016.
4. Camelia Grill Holdings, Inc. ("CGH") was unable to prove that it suffered any compensable damages as a result of Chartres Grill, LLC's breach of the License Agreement from August 15, 2015 to December 19, 2016 or from June 1, 2011 to November 1, 2013.
5. Pursuant to section 17.2 of the License Agreement, Chartres Grill, LLC and The Grill Holdings, LLC are liable to CGH. for the attorney's fees and costs that CGH incurred obtaining only the judgment that Chartres

---

[3] Doc. 331 at 14

Grill, LLC and The Grill Holdings, LLC breached the post-termination provisions of the License Agreement from August 15, 2015 to December 19, 2016 and from June 1, 2011 to November 1, 2013.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that Chartres Grill, LLC breached the License Agreement.

The Court further concludes that CGH failed to show that it sustained any losses or was deprived of any profit as a result of the breach. Accordingly, the Court denies any award of compensable damages.

The Court further finds that CGH did incur attorney fees related to the breach at the Chartres Street location and awards attorney fees for that cause of action only. *See* Doc. 331 at 10. The Court refers to the Magistrate Judge the calculation of the amount of attorney's fees incurred.

The Court further finds that CGH is entitled to an injunction to preclude any further operation in violation of the License Agreement. Accordingly, the entities that the Court has already found to be bound by the License Agreement—Chartres Grill, LLC, The Grill Holdings, LLC, and Uptown Grill, LLC—are hereby ENJOINED from employing the Camelia Grill trademarks specified in Exhibit 1.1 of the License Agreement at any location other than the Carrolton Location.

New Orleans, Louisiana this 17th day of April, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**