# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6560**<br>**C/W: 14-810, 14-837**<br>**RE: 14-810, 14-837** |
| **MICHAEL LOUIS SHWARTZ, ET AL** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is a Motion for Lanham Act Attorney's Fees (Doc. 361) filed by The Grill Holdings LLC, Chartres Grill LLC, Uptown Grill LLC, Uptown Grill of Destin LLC, Rano LLC, Hicham Khodr, K&L Investments LLC, and Robert's Gumbo Shop (collectively, the "Khodr Parties"). For the following reasons, the Motion is DENIED.

## BACKGROUND

The long and complicated factual and procedural background to this case has been outlined in this Court's previous decisions and need not be recounted

1

here.[1] On March 28, 2018, this Court held a bench trial on the only remaining issues in the case. The Khodr Parties included their entitlement to attorney's fees under the Lanham Act as a disputed legal issue in the joint pre-trial order filed by the parties and adopted by the Court.[2] The pre-trial order also indicated that this Court intended to defer its ruling on the issue of fees, both those pursuant to the Lanham Act and the License Agreement. The Khodr Parties now move for a judgment awarding them attorney's fees under the Lanham Act as the prevailing party on the Lanham Act claims asserted by the Shwartz Parties.

## LAW AND ANALYSIS

The Lanham Act gives the court discretion to award reasonable attorney's fees to the prevailing party in a suit under the Act in "exceptional cases."[3] "[A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'"[4] The court must consider the totality of the circumstances.[5] That test is borrowed from *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, which addressed an identical fee provision in the Patent Act.[6]

This Court finds that an award of fees is not warranted. The substantive strength of the Khodr Parties' litigating position, while ultimately greater than that of the Shwartz Parties, was not exceptional. The Shwartz Parties

---

[1] *See* Docs. 294, 331.
[2] Doc. 346.
[3] 15 U.S.C. § 1117(a).
[4] Baker v. DeShong, 821 F.3d 620, 625 (5th Cir. 2016).
[5] *Id.*
[6] Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014).

essentially took the position that the purpose and effect of the sale and licensing transaction as a whole was to allow the Khodr Parties to operate the Carrolton location indefinitely and to require them to license marks from the Shwartz parties for other locations. The documents that the parties executed did not have that legal effect, but this Court does not find that the Shwartz Parties' position was exceptionally weak when viewed from their position at the start of litigation.

Similarly, the Shwartz Parties did not conduct this litigation in a manner so unreasonable as to justify an award of attorney's fees. This Court's frustration with the case is no secret. However, the Shwartz Parties do not bear sole responsibility for that result. The Khodr Parties point to other cases that the Shwartz Parties have filed against them and argue that their continued lack of success is evidence of unreasonableness. This Court does not consider it warranted to award fees in this action based on a party's behavior in other cases. Regardless, "[a] case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim. . . ."[7]

Unlike the attorney's fees awarded to the Shwartz Parties under the License Agreement, the award of attorney's fees under the Lanham Act is discretionary. This Court is intimately familiar with this litigation and finds, considering the totality of the circumstances, that the Shwartz Parties were not exceptional in the strength of their position or the manner in which they conducted their litigation in such a way that justifies an award of attorney's fees. Accordingly, the Khodr Parties' Motion is denied.

---

[7] Tobinick v. Novella, 884 F.3d 1110, 1119 (11th Cir. 2018).

## **CONCLUSION**

For the foregoing reasons, the Khodr Parties' Motion for Attorney's Fees is DENIED.

New Orleans, Louisiana this 14th day of August, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**