UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UPTOWN GRILL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6560** |
| **MICHAEL LOUIS SHWARTZ, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Camellia Grill Holdings, Inc.'s Motion to Alter or Amend Order and Reasons (Doc. 473). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This case arises from two transactions that took place in 2006: (1) the sale of the New Orleans-based Camellia Grill restaurant (the "Carrollton restaurant") and (2) the licensing of the rights to Camellia Grill intellectual property. The Bill of Sale was executed by the owner of the Camellia Grill, Michael Shwartz, and his wholly-owned entities, Camellia Grill, Inc. and Camellia Grill Holdings Inc. ("CGH"), in favor of Uptown Grill, L.L.C. ("Uptown Grill"), wholly owned by Hicham Khodr. In the License Agreement, CGH licensed the exclusive rights to use Camellia Grill's federally registered trademarks to a separate Khodr-owned company, The Grill Holdings, L.L.C. ("The Grill Holdings"). Hicham Khodr, through The Grill Holdings, made many Khodr-owned entities sublicensees to the License Agreement and used those

1

entities to operate the Carrollton restaurant and new Camellia Grill-style restaurants.

In 2008, Shwartz and Khodr began to contest the terms of the License Agreement and to litigate their rights under both the License Agreement and the Bill of Sale.[1] The litigation of these issues has lasted approximately twelve years—seven of which have been before this Court. The Fifth Circuit has also rendered two opinions in this matter. As this Court provided a detailed outline of the long and litigious history of this case in its most recent opinion in this matter,[2] the Court will now provide only facts relevant to the instant Motion to Reconsider.

On January 27, 2021, this Court issued an Order and Reasons granting in part and denying in part CGH's Motion for Summary Judgment.[3] In its Motion for Summary Judgment, CGH asked the Court to: (1) find that Khodr breached the License Agreement by using Camellia Grill trade dress at the Camellia Grill-style restaurant, Chartres Grill; (2) enjoin Khodr from further use of the Camellia Grill trade dress beyond the Carrollton location; and (3) award attorney's fees.[4] This Court granted the Motion as to the issue of breach, denied the request for injunctive relief, and awarded attorney's fees only insofar as they related to CGH's breach of contract claim and originated after the most recent remand from the Fifth Circuit.

Now before the Court is CGH's Motion to Alter or Amend the Court's Order and Reasons granting in part and denying in part its Motion for

---

[1] For ease of reference, the Court collectively refers to Michael Shwartz and the Shwartz-owned entities (Camellia Grill Holdings, Inc.; and Camellia Grill, Inc.) as "Shwartz." The Court collectively refers to Hicham Khodr and the Khodr-owned entities (Uptown Grill, L.L.C.; Uptown Grill of Destin, L.L.C., The Grill Holdings, L.L.C., RANO, L.L.C., K&L Investments, L.L.C., Robert's Gumbo Shop, L.L.C., and Chartres Grill, L.L.C.) as "Khodr."
[2] *See* Doc. 470.
[3] *See id.*
[4] Chartres Grill was operated by Chartres Gill L.L.C., a sublicensee to the License Agreement.

Summary Judgment. In the Motion, CGH requests that this Court modify its holding as it pertains to the issues of injunctive relief and attorney's fees. Khodr opposes.

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[5] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[6]

## LAW AND ANALYSIS

In its Motion to Alter, CGH asks the Court to reconsider its Order and Reasons as it pertains to its denial of the request for injunctive relief and awarding of attorney's fees. The Court will discuss each issue in turn.

### I. Injunctive Relief

In this Court's Order and Reasons addressing CGH's Motion for Summary Judgment, this Court found Khodr in breach of the post-termination provisions of the License Agreement by his use of Camellia Grill trade dress beyond the Carrollton location. Sections 12.1 and 12.2 of the License Agreement provide that, in the event of a breach, all rights will revert back to the Licensor and that the Licensee is to "avoid any action or the continuance of any condition which might suggest to the public that Licensee has any right

---

[5] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).
[6] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

to the Marks, or that Licensee continues to be associated with Licensor."[7] In its Motion for Summary Judgment, CGH asked the Court to craft injunctive relief that precluded Khodr's use, and derivative use, of Camellia Grill's trade dress. However, as the scope of Camellia Grill's trade dress had not yet been determined by this Court and was not defined in the License Agreement, the parties disputed the trade dress elements to be included in the injunction.

In its Order and Reasons, this Court concluded that the Camellia Grill's trade dress should be limited to that which is protectable under the Lanham Act. In so finding, the Court reasoned that the Lanham Act's definition of protectable trade dress would adequately serve the goal of "enforc[ing] Shwartz's rights under the License Agreement while preserving Khodr's right to future competition in the restaurant industry."[8] Finding that additional evidence was necessary for this Court to define the scope of Camellia Grill's protectable trade dress, this Court deferred the issue to trial.

In its Motion to Reconsider, CGH now argues that this Court's decision to limit Camellia Grill's trade dress to that which is protectable under the Lanham Act runs counter to the language of the License Agreement and the Fifth Circuit's most recent opinion in this matter. CGH further argues that a trial on the issue of injunctive relief would require the parties to incur "significant expense with no practicable benefit."[9] Accordingly, CGH requests that this Court issue an injunction broadly prohibiting Khodr from any action that suggests to the public that he and his entities have any right to, or association with, Camellia Grill intellectual property. In response, Khodr contests the broad scope of CGH's requested injunction but submits no opposition to CGH's request to avoid trial.

---

[7] Doc. 414-4 at 13.
[8] Doc. 470 at 34.
[9] Doc. 473-1 at 10.

After considering the briefing provided by the parties in connection with the instant Motion, this Court will amend its previous Order and Reasons to grant CGH's request for an injunction. In crafting this injunction, the Court looks specifically to the definition of "trade dress" utilized by the Fifth Circuit in its May 29, 2019 opinion. "Trade dress" is defined as "the total image and overall appearance of a product [that] may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product."[10] The alleged elements of trade dress include: (1) the pink and green interior paint scheme, (2) the "U-Shaped" double horseshoe counter design, (3) the stainless steel stemmed stools with green stool cushions, (4) the fluted metal design under the customer side of the counter and above the cooking line, (5) the visible pie cases attached to the rear wall at both ends of the cooking line, (6) the "straw popping" routine, (7) audible order calling routine, and (8) the individual counter checks handed to each customer. The enjoined parties' utilization of all or most of the above Camellia Grill trade dress elements at any single location will constitute a violation of this injunction.

## II.   Attorney's Fees

In its Order and Reasons addressing CGH's Motion for Summary Judgment, this Court granted CGH's request for attorney's fees but limited the award to fees related to CGH's breach of contract claim on trade dress and fees incurred after the most recent remand from the Fifth Circuit. CGH now argues that, in light of its success on appeal, this Court's Order and Reasons should

---

[10] Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc., 920 F.3d 243, 251 (5th Cir. 2019) (quoting Test Masters Educ. Svcs., Inc. v. State Farm Lloyds, 791 F.3d 561, 565 (5th Cir. 2015)).

be amended to include all related fees incurred before remand and in connection with the successful appeal of the issue.

After further consideration, this Court agrees in part with CGH. Accordingly, this Court's prior Order and Reasons is hereby amended to include an award in favor of CGH for all attorney's fees incurred in connection with the enforcement of the License Agreement's post-termination regarding trade dress, and this award shall include all fees incurred before and after the current remand and in connection with the successful appeal of the issue. The award, however, continues to exclude fees related to Shwartz's Motion to Dismiss under the *Rooker-Feldman* Doctrine, Khodr's Motion for Rule 11 Sanctions, and any requests under the Lanham Act.

## CONCLUSION

For the foregoing reasons, the Motion to Alter or Amend is **GRANTED IN PART**.

**IT IS ORDERED** that CGH is entitled to an injunction to preclude any further operation in violation of the License Agreement. Accordingly, the entities that the Court has already found to be bound by the License Agreement—Chartres Grill, LLC, The Grill Holdings, LLC, and Uptown Grill, LLC—are hereby **ENJOINED** from employing the Camellia Grill trade dress at any location other than the Carrolton location. Trade dress, as utilized in this injunction, is defined as "the total image and overall appearance of a product [that] may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product."[11]

---

[11] Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc., 920 F.3d 243, 251 (5th Cir. 2019) (quoting Test Masters Educ. Svcs., Inc. v. State Farm Lloyds, 791 F.3d 561, 565 (5th Cir. 2015)).

**IT IS FURTHER ORDERED** that this Court's Order and Reasons (Doc. 470) is hereby **AMENDED** as identified herein.

**IT IS FURTHER ORDERED** that a Judgment be rendered in favor of CGH on its breach of the License Agreement claim.

New Orleans, Louisiana this 24th day of August, 2021.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**